STATE OF MAINE

*vs.*

ALTON VASHON, CLEMENT COTE AND MILTON GAGNON.

Kennebec.     Opinion, January 14, 1938.

*Francis H. Bate,* County Attorney for the State.
*F. Harold Dubord* (Law Court only).
*Roland J. Poulin,*
*Arthur J. Cratty,* for respondents.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

MANSER, J.    The respondents were separately indicted for rape upon a young woman. With their consent they were tried jointly. It would serve no useful purpose to discuss the facts in detail. Summarized, the evidence for the State was that all three respondents, without intimation of their intention, took the prosecutrix at night-time in an automobile and against her protest to a secluded spot in Waterville. When the car was stopped, she, being permitted to alight, attempted to leave the scene on foot. Thereupon the three young men, acting in concert, forcibly compelled her to submit to sexual intercourse with each one.

Corroborative details were presented to support the State's cases, including the physical condition of the young woman at the time, and negotiations entered into by counsel for the respondents for a comparatively large money settlement. The record contains no intimation that the prosecutrix ever personally countenanced such negotiations, but instead it appears that she flatly refused to consider them. The respondents admitted the successive acts of intercourse but denied the use of force

No exceptions were reserved to the charge, or to any rulings or instructions to counsel or witness, or to any questions asked by the presiding Justice. The cases come up solely by appeal from the refusal to grant motions for a new trial after verdicts of guilty.

In addition to the claim that the evidence was insufficient to sustain the verdicts, complaint is now made in support of the appeal that the conduct of the presiding Justice and certain questions asked by him were prejudicial and reflected to the jury his own opinion of the guilt of the respondents. Upon such complaint, the record will always be examined with great care to determine whether the respondents were accorded a fair and impartial trial. Counsel for the respondents are under the responsibility of preserving their rights, not only as to rulings upon matters of law, but also to protest and except to any prejudicial comments or conduct upon the part of the Justice presiding. If something has been inadvertently said or done by him which appears harmful, his attention should be called to it, that opportunity may be afforded for correction if pos-

sible. Though inexperienced or negligent counsel may fail to perform their duty in this respect, yet the Court in a criminal case will not refuse to review the record to determine whether the constitutional and statutory rights of the respondents have been violated.

In the defense brief, inexperience of counsel is asserted. This may apply to one, although no lack of ability is shown, but it is clear that the respondents were at all times during the preparatory stages of the case, and throughout the trial, represented by two attorneys, one with sixteen years of experience.

As to the statements and questions of the Justice presiding, the printed record can not reproduce inflection, emphasis or demeanor, but failure on the part of counsel to voice protest or take exception tends to indicate that the prejudicial aspect now claimed was not then apparent even to them, and it is not to be assumed that it had adverse effect upon the jury. The reasoning of the Court in *State v. Priest*, 117 Me., 223, 103 A., 359, has application here.

As to the questions asked of one or more of the respondents by the court, and certain comments to which objection is now raised, the most that can be said is that they were not perhaps circumspect or germane, but on the other hand, they developed no facts that the respondents had not previously voluntarily admitted in examination by counsel.

From the evidence, the verdicts appear to be fully justified, and there is nothing in the record which shows infringement upon the rights of the respondents or that any injustice was done by the court or by the decision of the jury. In each case, the entry will be

*Appeal dismissed.*
*Judgment for the State.*